**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN G. KRAEMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 12-cv-07263 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| RANDY GROUNDS, Warden, ) | |
| Robinson Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Stephen Kraemer, a prisoner at Robinson Correctional Center in Robinson, Illinois, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent now moves to dismiss Kraemer's petition as untimely. For the reasons set forth below, we grant Respondent's motion to dismiss.[1]

## BACKGROUND AND PROCEDURAL HISTORY

We begin with a recitation of the factual background and procedural history of Kraemer's detention. Kraemer was charged in the Circuit Court of Lake County with two counts of predatory criminal sexual assault of a child. (Resp. Ex. B, Rule 23 Order, *People v. Kraemer*, No. 02-06-0500 at 1 (Ill. App. 2d Dist. 2008).) In March 2006, a jury found Kraemer guilty, and

---

[1] We briefly address three additional motions. On December 18, 2012, Kraemer filed a motion to amend his petition, to include pages missing from his initial filing. (Dkt. No. 16.) On July 22, 2013, Kraemer filed a motion for leave to file supplemental authority. (Dkt. No. 26.) We hereby grant both motions. We have reviewed the petition as amended, as well as the additional authority provided by Kraemer.
  On December 27, 2012, Kraemer filed a petition for habeas corpus ad testificandum, asking that he be permitted to testify in person at a hearing in this matter. (Dkt. No. 18.) That motion is denied as moot.

he was sentenced him to thirteen years' imprisonment. (*Id*.) The facts underlying Kraemer's conviction are as follows.[2]

### I. Kraemer's Conviction

In 2004, Kraemer was charged with two counts of predatory criminal sexual assault of a child:

> Count 1 alleged that on or about May 31, 2004, defendant knowingly committed an act of sexual penetration when he placed his finger in the vagina of the victim, E.K. (2004 incident). Count 2 alleged that between December 18, 1998, and July 12, 1999, defendant knowingly committed an act of sexual penetration when he placed his penis inside E.K.'s vagina (1998 incident). On November 17, 2005, the trial court granted defendant's motion to sever the counts. The State elected to proceed on count 2 first.

(*Id*. at 1-2.) The State was granted leave to introduce evidence regarding the 2004 incident during trial for the 1998 incident. (*Id*. at 2.)

According to testimony at trial, the 1998 incident occurred over the course of a few months when E.K. was five. (*Id*. at 4, 11.) Kraemer's mother babysat E.K. and her brother, Stephen, and they would go to her house after school, on weekends, and during school holidays. (*Id*. at 4–6.) Sometimes Kraemer would take E.K. into his bedroom, pull down her pants and unzip his own, pick her up, and "bop her up and down on his penis." (*Id*. at 4–9.) He would give her a pretzel and tell her not to tell anyone. (*Id*. at 4–5, 6, 9.)

The 2004 incident occurred when E.K. was ten years old, at a graduation party for her brother held at their home on Memorial Day 2004, while Kraemer, E.K., and her friend, Danielle, were in the basement watching a movie. (*Id*. at 4, 6, 7, 10.) E.K. sat with Kraemer

---

[2] The state court's account of the facts is presumed correct because it has not been rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata,* 449 U.S. 539, 547, 101 S. Ct. 764, 769 (1981).

under a blanket on the couch while Danielle sat on a chair. (*Id*. at 4, 10.) Kraemer touched "E.K.'s vagina and put his finger inside her vagina for approximately ten minutes. In response, E.K. got up from the couch and sat in a different location." (*Id*. at 4, 10.)

E.K. revealed both incidents to her mother in early June 2004. (*Id*. at 8.) Kraemer was picked up by police on June 18, 2004, and taken to the Waukegan Police Department, where he was interviewed by Officers Kathleen Paavilainen and Ray Rinaldi. (*Id*. at 16.) He was working at Camp MaKaJaWan in Wisconsin at the time. (*Id*. at 15.) After reading Kraemer his rights, the officers questioned him for over two hours. (*Id*. at 16.) They asked him "questions such as whether it was 'possible' [Kraemer] could have touched E.K., to which [Kraemer] testified he responded maybe." (*Id*.) At the officers' request, Kraemer offered a written statement, which he testified "accurately reflected the conversation he had with the officers, but did not accurately reflect what happened on Memorial Day 2004." (*Id*. at 17.)

The trial occurred in the Circuit Court of Lake County, Illinois, from March 13–15, 2006. (Pet. at 1.) On March 16, 2006, the jury returned with a guilty verdict as charged in count 2 of the indictment. (Resp. Ex. B at 20.) The State dismissed count 1. (*Id*.) Kraemer unsuccessfully moved for a new trial. He was sentenced to 13 years' imprisonment on April 24, 2006. (*Id*.)

**II. Direct Appeal**

Kraemer appealed his conviction and sentence to the Illinois Appellate Court, Second District, arguing that the trial court erred by admitting evidence of the 2004 incident at his trial for the 1998 incident, because the allegations regarding the 2004 incident do not tend to show absence of mistake and because he did not raise defenses of mistake or accident. (Pet. at 2.) The Appellate Court affirmed the trial court on May 27, 2008, holding that such an admission was a harmless error. (Resp. Ex. B at 28.)

Kraemer filed a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court, which was denied on September 24, 2008. *See People v. Kraemer*, 229 Ill. 2d 644, 897 N.E.2d 259 (Ill. 2008). Kraemer did not file a petition for a writ of certiorari to the United States Supreme Court. (Pet. at 2. )

### III. State Post-Conviction Proceedings

Kraemer filed a Pro-Se Petition for Post-Conviction Relief with the Circuit Court of Lake County on March 5, 2009, pursuant to 725 ILCS 5/122-1. (Pet. at 3, AA-13; Petition for Post-Conviction Relief, *People v. Kraemer*, No. 04-CF-2215 (Lake Co., Ill., Cir. Ct., March 5, 2009).) Kraemer raised nine grounds for relief: (1) the State's cross-examination of Kraemer's oral and written statements violated his due process rights by presuming facts not in evidence; (2) the trial court's failure to hold a preliminary hearing regarding the voluntary nature of Kraemer's oral and written statements violated his due process rights; (3) hearsay evidence improperly admitted under 725 ILCS 5/115-10 deprived Kraemer of his due process and 6th Amendment confrontation rights; (4) ineffective assistance of trial defense counsel; (5) ineffective assistance of appellate counsel; (6) the prosecutor made prejudicial statements during closing arguments that deprived Kraemer of a fair trial; (7) the State inadequately answered the bill of particulars; (8) the trial court's admission of evidence of the 2004 incident to show lack of mistake, and the appellate court's review on direct appeal, violated Kraemer's due process rights; and (9) that, cumulatively, these errors together rose above harmless error and contributed to Kraemer's conviction. (*Id.*) The petition was summarily dismissed on May 19, 2009. (Pet. at 9–10, AA-106; Order, *People v. Kraemer*, No. 04-CF-2215 (Lake Co., Ill., Cir. Ct., May 19, 2009).)

Kraemer then filed a Motion to Reconsider Summary Dismissal of Post-Conviction Petition on June 16, 2009, which was denied on July 28, 2009. (Pet. at 10–12, AA-119; Order,

*People v. Kraemer*, No. 04-CF-2215 (Lake Co., Ill., Cir. Ct., July 28, 2009).) Kraemer next filed a Pro-Se Notice of Appeal with the Circuit Court of Lake County on August 14, 2009. (Pet. at AA-123; Notice of Appeal, *People v. Kraemer*, No. 04-CF-2215 (Lake Co., Ill., Cir. Ct., August 14, 2009).) An Order Affirming Dismissal was later entered on March 31, 2011. (Pet. at AA-130; Order, *People v. Kraemer*, No. 04-CF-2215 (Ill. App. 2d Dist. 2011).)

Kraemer filed a PLA to the Illinois Supreme Court on May 3, 2011. (Pet. at AA-131; PLA, *People v. Kraemer*, No. 112327.) His PLA was denied on September 28, 2011. (Pet. at AA-132; Notice of PLA Denial, *People v. Kraemer*, No. 112327 (Ill. 2011).)

### III. Federal Habeas Petition

After exhausting his state court remedies, Kraemer filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting twenty-six claims. Because our decision relies on a procedural bar to Kraemer's petition, we will not recount each substantive claim. Generally speaking, however, Kraemer's petition asserts constitutional claims concerning evidentiary rulings, jury instructions, prosecutorial misconduct, and ineffective assistance of counsel. (Pet. at 13–95.)

## ANALYSIS

### I. AEDPA'S 1-Year Limitations Period

Respondent contends that Kraemer's habeas petition must be dismissed as time-barred. Under 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(i). The limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "time for seeking such review" on direct

appeal includes the 90-day period for filing a petition for certiorari to the United States Supreme Court, whether or not one is ultimately filed.  *Lawrence v. Florida,* 549 U.S. 327, 333–34, 127 S. Ct. 1079, 1083–85 (2007); *Jones v. Hulick,* 449 F.3d 784, 787–88 (7th Cir. 2006).  The Illinois Supreme Court denied Kraemer's petition for leave to appeal the conviction on September 25, 2008.  Thus, Kraemer's federal habeas clock began to run when the period for filing a petition for certiorari to the Supreme Court expired 90 days later, on December 24, 2008.

Once the one-year limitations period begins to run, it is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, Kraemer's limitations period was tolled from March 5, 2009, when he filed his Pro Se Petition for Post-Conviction Relief in the Circuit Court of Lake County, to September 28, 2011, when the Illinois Supreme Court denied his Petition for Leave to Appeal.  Approximately 70 days ran from December 24, 2008, when his clock started, to March 5, 2009, when he initiated his timely state post-conviction proceedings and triggered the tolling of the period—leaving Kraemer with about 295 days to file his federal habeas petition following denial of the PLA on September 28, 2011.  Kraemer's deadline thus fell on or about July 19, 2012.  Kraemer did not file the present petition until September 11, 2012.  Respondent is therefore correct that Kraemer missed his deadline by months, and his petition is time-barred by § 2244(d).

Kraemer disagrees that § 2244(d)(1)(A) defines the beginning of his limitations period, although it is the default provision.  *Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005); *Johnson v. McBride*, 381 F.3d 587, 588–89 (7th Cir. 2004).  Rather, he asserts that either subsection (B) or (D) is more appropriate – both of which, according to him, would start his limitations clock running on September 28, 2011, and leave him until September 28, 2012 to file

his petition. Kraemer argues that although he did not allege a state impediment, a new constitutional right, or a newly discovered factual predicate in his original writ petition does not mean he has forfeited those arguments. (Reply at 7.) Although these claims were not included in his original petition, and the State was not allowed an opportunity to respond, we may still consider the argument. *U.S. ex rel. Frierson v. Gramley*, 952 F. Supp. 578, 587 (N.D. Ill. 1997).

Subsection (B) starts the clock running at "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Kraemer alleges that the "State post-conviction proceedings created confusion of issues regarding the timeliness of the filing of the federal habeas petition" and that the "State post-conviction proceedings were necessary 'state action in violation of the Constitution or laws of the United States' that petitioner had to pursue in order to exhaust all state remedies before filing a federal habeas corpus and as such the 'applicant was prevented from filing by such state action.'" (Reply at 7.) Kraemer essentially contends that the post-conviction proceedings confused him and acted as an unconstitutional step he was required to take before seeking habeas relief. Kraemer is incorrect. *U.S. ex rel. Dopkowski v. Randolph*, 262 F.2d 10, 12 (7th Cir. 1958); *People v. Dale*, 406 Ill. 238, 244, 92 N.E.2d 761 (1950).

Subsection (D) begins the clock on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Kraemer argues that "claims [in his petition] pertaining to the deprivation of constitutional rights as a consequence of the state post-conviction proceedings and there failing to provide an adequate stage upon which to address […] the majority of the issues here named, especially the Illinois Supreme Court's denial of petitioner's PLA, fall under

subsection (D)." (Reply at 10.) Again, Kraemer is incorrect. Federal habeas corpus does not provide redress for purported errors in state post-conviction proceedings. *Jackson v. Duckworth*, 112 F.3d 878, 879–81 (7th Cir. 1997); *Zamora v. Pierson*, 158 F. Supp. 2d 830, 835 (N.D. Ill. 2001); *see, e.g.*, 28 U.S.C. § 2254(i) (stating specifically that ineffective assistance of post-conviction counsel is not grounds for relief under § 2254). Since those claims cannot support Kraemer's petition, they cannot affect the running of the statute of limitations.

In sum, subsection (A) is the appropriate provision to govern Kraemer's limitations period, and Kraemer's habeas petition is time-barred.

**II. Equitable Tolling**

In the alternative, Kraemer argues that equitable tolling of the limitations period should permit an otherwise untimely petition, although he did not articulate any reasons that such tolling might apply. (Reply at 12; Pet. at 12.) Equitable tolling of the one-year statute of limitations on petitions for federal habeas corpus is granted to a state prisoner "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing of petition." *Ryan v. Gonzalez*, --- U.S. ---, 133 S. Ct. 696, 704 (2013); *Holland v. Florida,* --- U.S. ---, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is considered to be an extraordinary form of relief, and it is rarely granted. *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008); *Baker v. Ramos*, 697 F. Supp. 2d 987, 992 (N.D. Ill. 2010).

The Seventh Circuit has held that waiting almost a year to seek federal habeas relief after a judgment becomes final is too long to demonstrate diligent pursuit of rights. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Moreover, the United States Supreme Court indicated that even five months is too long to wait. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1815 (2005). Eleven months elapsed between the conclusion of Kraemer's state

post-conviction proceedings – when he believed his limitations period to begin – and the filing of his federal petition. Therefore, Kraemer cannot demonstrate the diligence necessary for equitable tolling.

Nor can Kraemer show any extraordinary circumstances that prevented the timely filing of his petition. Kraemer alleges numerous conditions in his reply brief that add up to what he argues are "extraordinary circumstances," including:

> (1) that it takes 2-3 [days] to receive case law not directly obtained from the narrow materials in the law library at the Robinson Correctional Center, (2) that since time prior to the September 28, 2011 denial of petitioner's PLA there has not been any permanent staff at the law library here at RCC to ensure ample or adequate access to the limited legal materials, [and] (3) that with the procedures in such a state petitioner had limited access to proper legal materials hindering his ability to research and address pertinent issues.

(Reply at 13–14). Nonetheless, "[w]hen an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires." *Taylor v. Michael*, No.11 C 2855, 2013 WL 3885980, at *5 (N.D. Ill. July 30, 2013) (quoting *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75–76 (2d Cir. 2001) (denial of access to prison law library early in the one-year period did not prevent timely filing)). The Seventh Circuit has consistently denied equitable tolling when inmates allege limited access to legal resources. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006); *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (declining to grant equitable tolling to a prisoner who claimed that lack of access to transcripts prevented his timely filing of his habeas petition); *see also Heilman v. Hardy*, 849 F. Supp. 2d 796, 801 (C.D. Ill. 2010) (declining to find that "limited access to legal research materials" warranted equitable tolling); *Blackwell v. McCann*, No. 06 C 6789, 2008 WL 4442631, at *6 (N.D. Ill. Sept. 29, 2008) ("[A] lack of access to legal papers is not an

extraordinary circumstance sufficient to justify equitable tolling."). Thus, equitable tolling is unavailable to Kraemer in this situation.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1), a certificate of appealability ("COA") is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. §§ 2254 or 2255. See 28 U.S.C. § 2253(c). We may grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). To make a substantial showing of the denial of a constitutional right where the district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong," or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603–04 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3395 (1983)). Where, as here, the district court has rejected "a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional claim," it should only issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

The AEDPA one-year statute of limitations plainly bars Kraemer's petition. There is simply no merit to his arguments concerning alternate methods of calculating the limitations period or equitable tolling. Reasonable jurists could not question our straightforward reasoning and conclusion. Because Kraemer cannot show that reasonable jurists could debate our holding

on this procedural question, he is not entitled to a COA, whether or not his substantive claims have any arguable merit. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1603–04; *see also Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003) (concluding that "it would be inappropriate to issue a certificate even if one or more constitutional contentions had been substantial, for it is pointless to brief the merits when the statute of limitations halts the proceedings at the threshold").

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss Kraemer's habeas petition as time-barred is granted. We also decline to issue a certificate of appealability. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
September 9, 2013